# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES LIABILITY INSURANCE COMPANY**, a Pennsylvania corporation

    Plaintiff,

  v.                                        Case No. 17-CV-900

**FIRE DEPARTMENT FOR THE CITY OF WAUKESHA, WISCONSIN et al.**,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

United States Liability Insurance Company (USLIC) sues the city of Waukesha's Fire Department, Waukesha's Police Department, and Thomas Brandon, the acting director for the Bureau of Alcohol, Tobacco, Firearms and Explosives alleging that they have infringed on its obligation to investigate an insurance claim. Defendants have filed motions to dismiss under Fed. Civ. P. R. 12(b)(1) for lack of subject matter jurisdiction. For the reasons explained below, the motions will be granted.

## BACKGROUND

USLIC is the insurer for a commercial property building located at 854 Martin Street in Waukesha, Wisconsin. (Compl. ¶ 9, Docket # 1.) USLIC insured this policy to The Stage Off Main LLC, a limited liability company based in Wisconsin. (Compl. ¶ 10.) The insurance policy was signed by Brian Whitton, the LLC's authorized representative. (Compl. ¶ 12.) On March 25, 2017, the property at 854 Martin Street was damaged by a fire.

(Compl. ¶ 21.) Whitton gave Waukesha's Fire Department the security camera footage that recorded inside the building prior to the fire. (Compl. ¶¶ 24-27.)

According to USLIC, Wisconsin law mandates that it initiates a claims investigation when an insured seeks coverage under the policy. (Compl. ¶¶ 20, 22.) As part of the insurance policy, USLIC hired Michael Quick to investigate the fire. (Compl. ¶ 23.) However, USLIC states that, upon information and belief, the video camera is being retained by the Waukesha Police Department (Compl. ¶ 28), and the Fire and Police Departments will not allow USLIC to examine the camera footage or provide it with a copy, (Compl. ¶ 29). Additionally, upon information and belief, USLIC asserts that the Fire and Police Departments "have theorized that a heater located in the basement of 854 Martin Street might have been the origin point for the fire." (Compl. ¶ 36.) USLIC believes that the Fire Department has sought the assistance of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and asked the ATF to inspect the heater. (Compl. ¶¶ 37-38.)

USLIC's investigator Quick sought to be present during any ATF examination of the heater. (Compl. ¶ 39.) However, the ATF has not allowed Quick to be present during any inspection of the heater. (Compl. ¶ 40.) USLIC states that it is crucial for Quick to be able to observe the condition of the heater during any examination and determine whether the heater was the origin of the fire. (Compl. ¶¶ 43-45.)

USLIC is seeking injunctive relief against the ATF and the Police and Fire Departments of Waukesha. Although it did not make a specific motion and mentioned injunctive relief only in the complaint, USLIC is seeking a temporary restraining order and preliminary injunction mandating that the defendants and their agents maintain the security camera footage and heater in its current condition without altering or destroying either.

(Compl. ¶ 57(B).) Further, USLIC seeks a judgment declaring that the defendants must allow USLIC to inspect the heater and security camera footage. Alternately, if an inspection has taken place, USLIC is seeking any photographs or videos taken during the inspection by ATF personnel. (Compl. ¶ 67(C).)

## ANALYSIS

Federal courts are courts of limited jurisdiction and can only decide cases the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citation omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure govern challenges to the Court's subject matter jurisdiction. "Under Rule 12(b)(1), the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor. . . ." *Remijas v. Neiman Marcus Group*, LLC, 794 F.3d 688, 691 (7th Cir. 2015). However, as the party invoking federal jurisdiction, the plaintiff has the burden to show that jurisdiction is proper. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (internal citation omitted).

In this case, Defendants argue that sovereign immunity precludes USLIC from bringing a lawsuit against them without a clear statement from the government waiving immunity. The United States, which includes federal agencies, "may not be sued without its consent" and "the consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Government waivers of immunity must be expressed clearly in a statute and "are not implied and are construed narrowly against the plaintiff." *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)). To maintain a claim against the United States in federal court, a plaintiff must (1) identify a federal statute that "confers

subject matter jurisdiction on the district court" and (2) identify a statute that "waives sovereign immunity of the United States to the cause of action." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). "Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim." *Id*.

  *1.*  *Thomas Brandon and ATF*

USLIC argues that subject matter jurisdiction exists in the case against Brandon for three reasons. First, in its original complaint, USLIC asserts that subject matter jurisdiction exists under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl. ¶ 5.) Second, USLIC argues that jurisdiction exists because ATF agents have used federal statutes to deprive it of its ability to investigate the fire claim of its insured. (Pl.'s Br. in Opp. to Mot. to Dismiss ("Pl.'s Resp.") at 4, Docket # 14.) Specifically, USLIC asserts that because 18 U.S.C. § 846(a) empowers the ATF to conduct investigations of suspected arsons and 28 U.S.C. § 1331 confers original jurisdiction of all actions arising under federal laws, subject matter jurisdiction exists. (*Id*.) Third, USLIC argues jurisdiction exists because the ATF, as declaratory judgment defendants in this case, could have brought a coercive action to enforce its rights against USLIC. (*Id*. at 6.)

Again, to establish jurisdiction, USLIC must identify a statute that confers subject matter jurisdiction and a statute of the government clearly waiving sovereign immunity. *Macklin*, 300 F.3d at 819. USLIC's arguments for federal jurisdiction fail for several reasons. First, the Declaratory Judgment Act, 28 U.S.C. § 2201, on which USLIC relies, is not an independent source of jurisdiction. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008) (citing *GNB Battery Technologies v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995)). The Declaratory Judgment Act authorizes a federal court "in a case of actual controversy within

its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." It only provides an additional remedy once jurisdiction is independently established. *Balanyi v. Local 1031, Intern. Broth. of Elec. Workers AFL-CIO*, 374 F.2d 723, 726 (7th Cir. 1967). Therefore, the Declaratory Judgment Act cannot confer subject matter jurisdiction that does not otherwise exists in this case.

USLIC's next two arguments are related. First, USLIC argues that the ATF's use of federal statutes, specifically 18 U.S.C. § 846(a) and § 844(i), to impede USLIC's investigation gives this court subject matter jurisdiction under 28 U.S.C. § 1331. This argument fails. While § 1331 does confer to federal courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," it does not waive sovereign immunity. Again, USLIC must identify a statute that confers subject matter jurisdiction and a statute that waives governmental immunity. USLIC has not identified a statute that waives governmental immunity. It is well-settled law that the plaintiff must identify a clear statement in a federal statute that waives immunity. *Gessert*, 703 F.3d at 1033 ("Waivers are not implied and are construed narrowly against the plaintiff.) (internal citation omitted). As such, § 1331 does not establish subject matter jurisdiction.

Similarly, USLIC's next argument fails. USLIC argues that the ATF's power to bring a coercive action against USLIC confers subject matter jurisdiction over its declaratory judgment action. Specifically, USLIC asserts that "because the ATF is empowered to investigate and seize evidence related to arson, the ATF could enforce its rights with a federal action against USLIC . . . ." (Pl.'s Resp. at 7.) This argument fails for two reasons. First, it is true that federal courts have jurisdiction to hear declaratory judgment actions when a defendant could have brought a coercive action to enforce its rights in federal court.

5

*See Medtronic, Inc. v. Mirowski Family Venutres, LLC*, 134 S.Ct. 843, 848 (2014). However, USLIC overlooks that the coercive action doctrine is not a waiver or cure of sovereign immunity. USLIC has not overcome the government's sovereign immunity. Again, a plaintiff must identify a federal statute that expressly waives its immunity. *Gessert*, 703 F.3d at 1033.

Second, even if immunity was waived, USLIC argument fails because the threat of lawsuit against USLIC is speculative. "The declaratory judgment plaintiff must be able to show that the feared lawsuit from the other party is immediate and real, rather than merely speculative." *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) (internal citation omitted). Further, "the Declaratory Judgment Act is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse." *Id*. Here, USLIC does not assert any immediate threat of being sued by the ATF, but merely argues that "ATF's power to federally enforce its right gives this Court subject matter jurisdiction." (Pl.'s Resp. at 7.) This is insufficient. Accordingly, because USLIC has not established subject matter jurisdiction, Brandon's motion to dismiss USLIC's complaint is granted.

Finally, as an alternative, USLIC proposes to amend its complaint to substitute ATF agent Richard Hankins as the individual responsible for investigating the fire and refusing to allow USLIC to investigate the heater. (Ex. 2 to Pl.'s Resp. (Am. Compl.) ¶¶ 41-47, Docket # 14-2.) Such an amendment would be futile. Under 28 U.S.C. §2679(d)(1) of the Westfall Act, a suit brought against a federal employee acting in his official duties is deemed to be brought against the United States. *Osborn v. Haley*, 549 U.S. 225, 252-53 (2007). As such, substituting Hankins would not circumvent USLIC's barrier of government immunity.

Accordingly, USLIC will not be granted leave to amend its complaint. *See Crestview Village Apartments v. United States Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004) ("A court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss.").

    2.    *Fire and Police Department of Waukesha*

The Fire and Police Departments of Waukesha move to dismiss USLIC's complaint arguing that 28 U.S.C. § 2201 only creates a remedy and does not confer subject matter jurisdiction. USLIC responds that supplemental jurisdiction exists under 28 U.S.C. § 1367(a). Federal courts have supplemental jurisdiction over claims that share a "'common nucleus of operative fact'" with claims where the court has original federal jurisdiction. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997). However, as explained above, USLIC has been unable to establish subject matter jurisdiction in this case. Consequently, there can exist no supplemental jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (stating that supplemental jurisdiction exists only once a court has original jurisdiction over related claims). Accordingly, The Fire and Police Department of Waukesha's motion to dismiss USLIC's complaint is granted.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Thomas Brandon's motion to dismiss for lack of jurisdiction (Docket # 7) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Fire and Police Department of Waukesha's motion to dismiss for lack of jurisdiction (Docket # 16) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Dated at Milwaukee, Wisconsin this 8th day of March, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge